GREGG E. KENNERLY, Plaintiff-Appellee,
v.
NORA RAMOLETE KENNERLY, Defendant-Appellant,
No. 28264.
Intermediate Court of Appeals of Hawaii.
February 28, 2008.
On the briefs:
James H. Fosbinder, for Defendant-Appellant.
Diane L. Ho, for Plaintiff-Appellee.

SUMMARY DISPOSITION ORDER
By: RECKTENWALD, Chief Judge, NAKAMURA, and FUJISE, JJ.
Defendant-Appellant Nora R. Kennerly (Nora) appeals from the order modifying the judgment granting divorce and awarding child custody, which was entered on October 3, 2006, by the Family Court of the Second Circuit (family court). The order modified the family court's previous award of child custody by transferring primary physical custody from Nora to Plaintiff-Appellee Gregg E. Kennerly (Gregg).

I.
Nora and Gregg were married on December 25, 2001, and had one child (Child), born on November 7, 2002. The family resided together on Maui until September 5, 2003, when Nora abruptly left Maui with Child, went to live with Nora's parents on Oahu, and sought a Temporary Restraining Order (TRO) against Gregg. On September 10, 2003, Gregg filed a complaint for divorce. The family court dissolved Nora's TRO and on October 29, 2003, awarded temporary legal custody of Child to Gregg. The Child was returned to Maui to reside with Gregg, and Gregg was required to arrange visits by Child with Nora on Oahu at least three weekends per month.
After a trial, the family court entered a "Judgment Granting Divorce and Awarding Child Custody" on December 15, 2004. The judgment awarded Gregg and Nora joint legal and shared physical custody of Child, but, contrary to the existing custody arrangements, provided that Child would reside with Nora on Oahu subject to Gregg's right to spend at least three weekends with Child per month. On December 27, 2004, Gregg filed a "Motion for an Order Staying Enforcement of Judgment Granting Divorce and Awarding Child Custody," and a "Motion for a New Trial on the Issues of Child Custody, Access, Transportation Costs and Attorney's Fees and/or Reconsideration of the Judgment Granting Divorce and Awarding Child Custody Filed December 15, 2004." After a hearing on January 5, 2005, the family court stayed enforcement of the judgment and awarded Gregg temporary custody of Child until a hearing on the motions for stay and new trial/reconsideration could be held before the trial judge.
After a hearing on January 14, 2005, the family court granted the motion to reconsider the judgment on the issue of custody, stayed enforcement of the judgment, and appointed a guardian ad litem (GAL) "to investigate the impact of the custody order [set forth in the judgment on Child] and the possibility of a detrimental effect on [Child]." Gregg retained temporary custody of Child, and the court established an interim access schedule under which Gregg was required to transport Child to Oahu for visitation with Nora from Thursday evening to Sunday evening every week. On October 3, 2006, the family court entered its order modifying the judgment granting divorce and awarding child custody, which essentially reversed the custody arrangements set forth in the prior December 15, 2004, judgment. Under the order modifying the judgment, Gregg was awarded primary physical custody of Child, subject to Nora's right to spend at least three weekends with Child per month.

II.
On appeal, Nora asserts that the family court[1] erred in: 1) granting Gregg's motion for reconsideration of the December 15, 2004, judgment; 2) appointing a GAL solely for the purpose of reconsidering its custody award; and 3) reaching its final decision on custody in the October 3, 2006, order modifying the judgment. For the reasons discussed below, we affirm.
After a review of the record and the briefs submitted by the parties, we resolve the issues raised by Nora on appeal as follows:
1. We conclude that the family court did not abuse its discretion by granting Gregg's motion for reconsideration. Doe v. Doe, 98 Hawai`i 144, 150, 44 P.3d 1085, 1091 (2002) (stating that motions for reconsideration are reviewed for abuse of discretion). Child custody orders are subject to modification at any time when necessary for the child's best interests. See id. at 158 n.15, 44 P.3d at 1099 n.15. Although generally the party seeking to modify a child custody order must show a material change in circumstances, Egger v. Egger, 112 Hawaii 312, 318, 145 P.3d 855, 861 (App. 2006), this requirement does not apply when a party challenges "the original custody determination in the context of a post-hearing motion[.]" Doe, 98 Hawaii at 153, 44 P.3d at 1094.
The family court granted the motion for reconsideration in order to obtain additional information on what custody arrangements would serve the best interests of Child. The court explained:
So, to me, as I said, I don't usually go back on my decisions, but I do feel in this case that is worthwhile. And [Child] deserves it for me to look at it, based on the fact that the Court, at first, I think somewhat, I don't want to call it negligent, but the Court, I think, should have given greater consideration to the request for the custody hearing, specific access and custody determination.
So anyway, at this point, the Court is going to grant the reconsideration.
In conjunction with granting the motion for reconsideration, the court appointed a GAL to investigate the impact and possible detrimental effect that the December 15, 2004, child custody award would have on Child.
The family court granted the motion for reconsideration to obtain additional information so that its decision on child custody would be based on a more complete and enlightened consideration of Child's best interests. It appointed a GAL to conduct an investigation and provide the court with new information and insight on the custody issue. Under these circumstances, we cannot say that the court abused its discretion in granting the motion for reconsideration.
2. The family court did not err in appointing a GAL for the purpose of assisting the court in reconsidering its custody award. The family court has the discretion to appoint a GAL. Hawaii Revised Statutes (HRS) § 571-46(8) (2006 Repl.) ("The court may appoint a guardian ad litem to represent the interests of the child[.]"); Hawai`i Family Court Rules (HFCR) Rule 17(c) ("The court may appoint a guardian ad litem for a minor or incompetent person not otherwise represented in an action or shall make such other order as it deems proper for the protection of the minor or incompetent person."). Neither HRS § 571-46(8) nor HFCR Rule 17(c) limits the family court's ability to appoint a GAL to represent a child's interests at any time during a divorce proceeding.
We reject Nora's suggestion, raised in her reply brief, that the GAL appointed by the family court had a conflict of interest that precluded the GAL's appointment. Nora signed a "Waiver of Conflict" that waived any conflict of interest the GAL may have had. Having waived any conflict, Nora could not withdraw that waiver because the GAL made recommendations that were adverse to Nora's position.
3. Nora contends that in reaching its final decision on custody, the family court erred by: 1) placing undue weight on the concepts of bonding and "reciprocal connectedness;" and 2) allowing the fact that Gregg had temporary custody of Child since 2003 to dictate the final custody decision. We disagree.
Nora argues that Gregg's motion for reconsideration was "strongly based" on a research paper which discussed unproven theories concerning "reciprocal connectedness." The research paper supported the contention that a young child will potentially suffer irreparable emotional and psychological harm if the child's primary caretaker is changed.
We conclude that the family court (Ala nut give undue weight to the concepts of bonding and "reciprocal connectedness" in rendering its decision. In its Findings of Fact and Conclusions of Law, the family court focused on the findings of the GAL and the psychologists, rather than the research paper on "reciprocal connectedness."
We also reject Nora's contention that the family court erred by permitting the fact that Gregg had temporary custody to' dictate the final custody decision. Child custody determinations must be made in the best interest of the child. See Tetreault v. Tetreault, 99 Hawaii 352, 356 n.8, 55 P.3d 845, 849 n.8 (App. 2002) ("[T]he welfare of the child is pre-eminently the thing to be considered and is far superior to the claims of either parent whose personal wishes and desires must be made to yield if seemingly opposed to such welfare."). The award of temporary custody pending the final decision on custody may create circumstances that favor one parent over the other.
Nevertheless, the family court cannot ignore the child's temporary custody situation, which often is highly relevant to the determination of what final custody arrangement will be in the best interests of the child. The family court should consider all factors bearing on the best interests of the child in determining custody. Wurm v. Howard, 402 N.E.2d 407, 411-12 (Ill. App. Ct. 1980).

III.
We affirm the family court's October 3, 2006, "Order Modifying Judgment Granting Divorce and Awarding Child Custody Filed December 15, 2004."
NOTES
[1] The Honorable Simone C. Polak presided over the trial on the divorce complaint and the motion for reconsideration of the judgment. The Honorable Eric G. Romanchak presided over the pre-decree award of temporary custody in 2003, and he issued the decision staying enforcement of the judgment and awarding Gregg temporary custody of Child until a hearing on the motions for stay and new trial/reconsideration could be held before Judge Polak.